# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COREY LAMAR CULLAR,<br><br>Defendant. | Case No. CR09-0057<br><br>ORDER FOR PRETRIAL DETENTION |

On the 25th day of August, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by his attorney, Jane Kelly.

## RELEVANT FACTS

On August 12, 2009, Defendant Corey Lamar Cullar was charged by Indictment (docket number 2) with being a felon in possession of a firearm and ammunition. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on October 19, 2009.

DEA Task Force Officer Steven Warner testified regarding the circumstances underlying the instant charge. On October 28, 2008, officers responded to a "disturbance call" in the 1700 block of C Avenue, NE, in Cedar Rapids. Defendant was standing outside a vehicle occupied by two others. The driver of the vehicle was arrested on an outstanding warrant and a search of the vehicle revealed a loaded 9mm handgun under the driver's seat. While the driver initially told officers that he received the handgun from a person called "D," the driver eventually told officers that he received it from Defendant. Defendant's fingerprint was found on one of the bullets in the weapon.

1

According to the pretrial services report, Defendant is 31 years old and has lived in Cedar Rapids off-and-on since he was age 17. While Defendant has never been married, he has five children from relationships with four different women. In addition, his current girlfriend is pregnant with his child. Defendant obtained a GED and also has additional college schooling. Defendant was laid off from his employment at Pearson in Cedar Rapids, after having been employed for "almost a month." Defendant reported working at a gas station in Chicago from "late 2005 to early 2007." Defendant reported being in good mental and physical health.

In 1997, at age 18, Defendant was charged with robbery in the first degree and attempted murder. According to the minutes of testimony (Government's Exhibit 1), Defendant shot the victim three times over a dispute regarding drugs and money. Following a "hung jury," Defendant pleaded guilty to burglary in the second degree and willful injury. He was sentenced to an indeterminate prison term not to exceed ten years.

In May 2002, after approximately five years in custody, Defendant was released on parole. While on parole, Defendant was convicted in separate cases of consumption/intoxication, possession of marijuana, possession of marijuana second offense, possession with intent to distribute crack cocaine, and another charge of possession of marijuana second offense. In January 2004, Defendant received an additional ten-year prison term on the charge of possession with intent to distribute crack cocaine, and his parole on the earlier charges was revoked.

In October 2005, Defendant was paroled a second time. While on parole, however, Defendant was convicted of operating while intoxicated first offense. His parole was revoked in October 2007. Defendant was discharged from prison in May 2008.

Since his release from prison in May 2008, Defendant has been convicted of assault causing bodily injury and disorderly house. In June 2009, Defendant was charged in Linn County with possession of a controlled substance third or subsequent offense, and that case is currently pending.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being a felon in possession of a firearm and ammunition, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant

detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm and ammunition. While Defendant was not seen in personal possession of the firearm, the driver of the vehicle told officers that he obtained the weapon from Defendant. Defendant's fingerprint was also found on a bullet in the handgun. The nature of the charge is particularly troublesome in this case, given the incident in 1997 when Defendant shot a woman three times over an apparent dispute regarding drugs and money. When Defendant was paroled the first time, he was convicted

4

of four additional drug-related charges. When he was paroled a second time, Defendant was convicted of operating while intoxicated. The incident giving rise to the instant charge occurred approximately six months after Defendant was discharged from prison. Given his record of repeatedly violating the terms of parole, the Court has no confidence that Defendant would comply with any terms or conditions which it may impose for pretrial release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (August 20, 2009) to the filing of this Ruling (August 25, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 25th day of August, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA